**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

JAIME PALMA

      Plaintiff,

vs.                                  Case No.

CACERES INTERIOR PARTITIONS, INC.,
a Florida Profit Corporation; CACERES
DRYWALL CORP, a Florida Profit Corporation,
JORGE A. CACERES, individually, JORGE E.
CACERES, individually,

      Defendants.
_____/

## COMPLAINT

Plaintiff JAIME PALMA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants CACERES INTERIOR PARTITIONS, INC., a Florida profit Corporation (hereinafter, "CACERES INTERIOR PARTITIONS"), CACERES DRYWALL CORP., a Florida Profit Corporation (hereinafter, "CACERES DRYWALL"), JORGE A. CACERES, and JORGE E. CACERES, individually,  (collectively "DEFENDANTS") and states as follows:

### JURISDICTION AND VENUE

1.  This is an action for damages and other relief over $30,000 for unpaid wages, unpaid overtime wages, retaliation, committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA" or "EPSLA"), and the Florida Minimum Wage Act, Art. 10, § 24 of the Florida Constitution, §448.01 *et seq*, Fla. Stat (hereinafter "FMWA"). In addition this is an action for violation of

26 U.S.C. §7434 for filing with the United States Internal Revenue Service ("IRS") fraudulent information return on behalf of the Plaintiff.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

### **PARTIES**

4. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time construction worker from on or about early 2017 until on or about July 31, 2020.

6. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and § 448.101 Fla. Stat.

7. Defendant CACERES INTERIOR PARTITIONS is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida.  Defendant CACERES INTERIOR PARTITIONS had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant CACERES DRYWALL is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant

2

has, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

9.   CACERES DRYWALL and CACERES INTERIOR PARTITIONS are an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, CACERES INTERIOR PARTITIONS and CACERES DRYWALL CORP are in the construction business and work with drywall, stucco, insulation, paint and ceilings.

11. At all times material to this Complaint, CACERES INTERIOR PARTITIONS and CACERES DRYWALL, separately and/or in combination employed at least ten (10) employees.

12.  At all times material to this Complaint, CACERES INTERIOR PARTITIONS and CACERES DRYWALL, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13.  CACERES DRYWALL and CACERES INTERIOR PARTITIONS, upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Defendant JORGE A. CACERES is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

15. Defendant JORGE E. CACERES is a corporate officer of, and/or owner and or manager and exercised operational control over the activities of, corporate Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

16. Defendants JORGE A. CACERES, and JORGE E. CACERES acted directly in the interest of their companies, CACERES INTERIOR PARTITIONS and CACERES DRYWALL. Upon all available information, JORGE A. CACERES, and JORGE E. CACERES controlled the manner in which Plaintiff performed his work and the pay he was to receive.

17. Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**
**COMMON TO COUNTS I-XVI and COUNTS XIX and XX**

18. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

19. At all relevant times, throughout his employment, Plaintiff was to be paid at a salary of $1,000 per week. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending the immediately preceding. However, since approximately on or shortly January 2018, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

20. On work weeks the Plaintiff, routinely worked an average of more than 40 hours per week during the period of time covered by this Complaint. The failure to pay the required minimum hourly wage was exacerbated by Defendants' failure to pay in accordance to the scheduled pay

dates. Defendants routinely delayed the payment of any wages and made partial payments to accommodate the cash availability and cash flow necessities of the Defendants.

21. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for many hours worked for Defendants. For example, Defendants failed to compensate Plaintiff at all for the worked he performed for approximately fifty-four (54) weeks through a period of years 2018-2020.

22. Defendants stated that they did not pay Plaintiff because of financial issues and promised Plaintiff payment would be forthcoming. Plaintiff continued to work for the Defendants, in the hopes that he would receive compensation for the hours already worked.

23. Plaintiff estimates that he is owed at least $14,410.00 in unpaid wages for that period of time.

24. Plaintiff made several complaints to Defendants that he was not being paid even a minimum hourly wage when due, and that his wages were due in arrears to such an extent, that his wages were being paid late. Specifically, Plaintiff made his complaints to both JORGE E. CACERES and JORGE A. CACERES verbally and in writing.

25. However, Defendants did not cure the deficiency. Rather, Plaintiff was required to work more hours and perform additional duties for the same compensation.

26. As a result, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

27. Throughout Plaintiff's employment, Plaintiff generally worked 45-80 hours per week.

28. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

29. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

30. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

31. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

32. On or about July 31, 2020, Plaintiff was physically assaulted and terminated by JORGE A. CACERES after requesting proper pay of the hours worked.

33. The temporal proximity of Plaintiff's complaints regarding the improper pay and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

34. For the relevant time period, Plaintiff received an IRS W-2 form from Defendants, which Defendants also were required to submit to the IRS, in which Defendants were required to accurately report the wages Plaintiff had received. However, Defendants deliberately misstated Plaintiff's income on their reports to the IRS. Which, upon information and belief, was not the same amount that was stated in the IRS W-2 form Plaintiff received from Defendants.

35. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

## FACTUAL ALLEGATIONS COMMON TO COUNTS XVII-XVIII

36. On or about June 24th, 2020, Plaintiff was notified that a person he had been in contact with had tested positive to the COVID 19 virus.

37. For his own safety and that of those around him, Plaintiff notified Defendants someone he had been in contact with he was experiencing symptoms attributed to COVID-19 and requested paid leave in order to seek diagnosis and to quarantine himself as required by the CDC guidelines.

38. At all times pertinent hereto, Defendants, were covered by the FFCRA and EPSLA because they were engaged in commerce or in an industry or activity affecting commerce that employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the FFCRA and EPSLA.

39. At all times material hereto, Plaintiff was an eligible employee entitled to leave under FFCRA and EPSLA, based on the fact that he (a) had been in contact with someone who tested positive to COVID-19, and (b) was employed by Defendants for at least thirty (30) calendar days prior to seeking to exercise his right to FFCRA leave.

40. After receiving express notice of Plaintiff's inability to work due to his exposure to COVID-19 symptoms and need to seek medical diagnosis, Defendant was required under the Act to provide Plaintiff paid sick leave.

41. Specifically, Defendants were required under the FFCRA to provide Plaintiff paid leave for a minimum of eighty (80) hours. However, Defendants neglected to do so and provided no pay to Plaintiff during the time of his quarantine.

42. As a result of the foregoing, Defendants willfully violated the Act, denied Plaintiff his protected paid sick leave rights, during the COVID-19 global pandemic.

43. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

44. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

45. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

46. All other conditions precedent to this action have been performed or have been waived.

**COUNT I**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against CACERES INTERIOR PARTITIONS**

47. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

48. This action is brought by Plaintiff to recover from Defendant CACERES INTERIOR PARTITIONS unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

50. Since on or about December 2018 through his termination, Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due, and often paying them less than the highest applicable minimum hourly wage during applicable pay periods.

51. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

52. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

53. By reason of the said intentional, willful and unlawful acts of CACERES INTERIOR PARTITIONS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

54. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

55. CACERES INTERIOR PARTITIONS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

56. As a result of CACERES INTERIOR PARTITIONS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

57. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CACERES INTERIOR PARTITIONS.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CACERES INTERIOR PARTITIONS:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME
### against CACERES INTERIOR PARTITIONS

58. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

59. This action is brought by Plaintiff to recover from Defendant CACERES INTERIOR PARTITIONS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

60. Since the commencement of Plaintiff's employment CACERES INTERIOR PARTITIONS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without

compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

61. Specifically, throughout his employment Plaintiff regularly worked between 40–70 hours during each workweek in which he was employed.

62. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

63. CACERES INTERIOR PARTITIONS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  CACERES INTERIOR PARTITIONS' business activities involve those to which the Fair Labor Standards Act applies.

64. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

65. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

66. CACERES INTERIOR PARTITIONS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

67. By reason of the said intentional, willful and unlawful acts of CACERES INTERIOR PARTITIONS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

68. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

69. CACERES INTERIOR PARTITIONS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

70. As a result of CACERES INTERIOR PARTITIONS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

71. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CACERES INTERIOR PARTITIONS.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
**VIOLATION OF FMWA**
**against CACERES INTERIOR PARTITIONS**

72. Plaintiff re-alleges and re-avers paragraphs 1 through 35 as fully set forth herein.

73. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for

unpaid wages.

74. Defendant failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant as alleged above.

75. Plaintiff sent a written demand for these payments dated September 15, 2020. Defendant has failed to make any payments in accord with that demand.

76. As a direct result of Defendant's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of Defendant.

77. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

    A.  Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B.  Liquidated damages;

    C.  Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D.  Such other and further relief as the court deems proper.

## <u>COUNT IV</u>
### FLSA RETALIATION against CACERES INTERIOR PARTITIONS

78. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

79. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

80. CACERES INTERIOR PARTITIONS' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

81. The motivating factor that caused Plaintiff's pay reduction and termination as described above was Plaintiff's complaints for payment of his earned wages.

82. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant CACERES INTERIOR PARTITIONS:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
**VIOLATION OF FLSA/OVERTIME against CACERES DRYWALL**

83. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

84. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable

attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

85. Since the commencement of Plaintiff's employment CACERES DRYWALL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

86. Specifically, Plaintiff worked in excess of forty (40) hours during each work week in which he was employed but he was not compensated at time and a half for any of the hours worked in excess of forty (40) hours each workweek.

87. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

88. CACERES DRYWALL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  CACERES DRYWALL business activities involve those to which the Fair Labor Standards Act applies.

89. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

90. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

91. CACERES DRYWALL has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

92. By reason of the said intentional, willful and unlawful acts of CACERES DRYWALL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

93. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

94. CACERES DRYWALL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

95. As a result of CACERES DRYWALL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

96. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CACERES DRYWALL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
### VIOLATION OF FLSA/MINIMUM WAGES
### against CACERES DRYWALL

97. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

98. This action is brought by Plaintiff to recover from Defendant CACERES DRYWALL unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

99. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

100.   Since on or after December 2018 through his termination, Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due,

and often paying them less than the highest applicable minimum hourly wage during applicable pay periods.

101.    Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

102.    The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

103.    By reason of the said intentional, willful and unlawful acts of CACERES DRYWALL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

104.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

105.    CACERES DRYWALL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

106.    As a result of CACERES DRWALL' willful violations of the Act, Plaintiff is entitled to liquidated damages.

107.    Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CACERES DRYWALL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT VII</u>
## VIOLATION OF FMWA against CACERES DRYWALL

108. Plaintiff re-alleges and re-avers paragraphs 1 through 35 as fully set forth herein.

109. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

110. Defendant failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant as alleged above.

111. Plaintiff sent a written demand for these payments dated September 15, 2020. Defendant has failed to make any payments in accord with that demand.

112. As a direct result of Defendant's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of Defendant.

113. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

B. Liquidated damages;

C.   Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D.   Such other and further relief as the court deems proper.

## COUNT VIII
### FLSA RETALIATION against CACERES DRYWALL

114.   Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

115.   29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

116.   CACERES DRYWALL'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

117.   The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

118.   Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant CACERES DRYWALL:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IX**
**VIOLATION OF FLSA/OVERTIME**
**against JORGE A. CACERES**

119.   Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

120.   At the times mentioned, Defendant JORGE A. CACERES was, and is now, a corporate officer of corporate Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

121.   JORGE A. CACERES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JORGE A. CACERES acted directly in the interests of Defendants CACERES INTERIOR PARTITIONS and CACERES DRYWALL in relation to their employees including Plaintiff.

122.   Specifically, JORGE A. CACERES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

123.    JORGE A. CACERES had operational control of the business and is thus jointly liable for Plaintiff's damages.

124.    Defendant JORGE A. CACERES willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT X**
**VIOLATION OF FLSA/UNPAID WAGES**
**against JORGE A. CACERES**

125.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

126.    At the times mentioned, Defendant JORGE A. CACERES was, and is now, a corporate officer of corporate Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

127.    JORGE A. CACERES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JORGE A. CACERES acted directly in the interests of Defendants CACERES INTERIOR PARTITIONS and CACERES DRYWALL in relation to their employees including Plaintiff.

128.    Specifically, JORGE A. CACERES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

129.     JORGE A. CACERES had operational control of the business and is thus jointly liable for Plaintiff's damages.

130.    Defendant JORGE A. CACERES willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT XI
### FLSA RETALIATION
### *against* JORGE A. CACERES

131.    Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

132.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

133.    JORGE A. CACERES' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

134.    The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of his earned wages.

135.    Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant JORGE A. CACERES:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
## VIOLATION OF FMWA
### against JORGE A. CACERES

136.    Plaintiff re-alleges and re-avers paragraphs 1 through 35 as fully set forth herein.

137.    Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

138.    Defendant failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant as stated above.

139.    Plaintiff sent a written demand for these payments dated September 15, 2020. Defendant has failed to make any payments in accord with that demand.

140.    As a direct result of Defendant's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of Defendant.

141.    Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

A.  Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

B.  Interest on the amount found due;

C.  A jury trial on all issues so triable;

D.  Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

E.  Such other relief as the Court deems just and proper.

## COUNT XIII
## VIOLATION OF FLSA/OVERTIME
### against JORGE E. CACERES

142.    Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

143.    At the times mentioned, Defendant JORGE E. CACERES was, and is now, a corporate officer and/or manager of corporate Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

144.    JORGE E. CACERES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JORGE E. CACERES acted directly in the interests of Defendants CACERES INTERIOR PARTITIONS and CACERES DRYWALL in relation to their employees including Plaintiff.

145.    Specifically, JORGE E. CACERES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

146.    JORGE E. CACERES had operational control of the business and is thus jointly liable for Plaintiff's damages.

147.    Defendant JORGE E. CACERES willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

**COUNT XIV**
**VIOLATION OF FLSA/UNPAID WAGES**
**against JORGE E. CACERES**

148.   Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

149.   At the times mentioned, Defendant JORGE E. CACERES was, and is now, a corporate officer of corporate and/or manager of Defendants, CACERES INTERIOR PARTITIONS and CACERES DRYWALL.

150.   JORGE E. CACERES was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JORGE A. CACERES acted directly in the interests of Defendants CACERES INTERIOR PARTITIONS and CACERES DRYWALL in relation to their employees including Plaintiff.

151.   Specifically, JORGE E. CACERES supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

152.    JORGE E. CACERES had operational control of the business and is thus jointly liable for Plaintiff's damages.

153.   Defendant JORGE E. CACERES willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT XV**
**FLSA RETALIATION**
*against* **JORGE E. CACERES**

154.  Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

155.  29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

156.  JORGE E. CACERES' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

157.  The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of his earned wages.

158.  Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff

has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant JORGE E. CACERES:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XVI
### VIOLATION OF FMWA
### against JORGE E. CACERES

159.  Plaintiff re-alleges and re-avers paragraphs 1 through 35 as fully set forth herein.

160.  Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

161.  Defendant failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant as stated above.

162.  Plaintiff sent a written demand for these payments dated September 15, 2020. Defendant has failed to make any payments in accord with that demand.

163.    As a direct result of Defendant's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of Defendant.

164.    Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

    A.  Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

    B.  Interest on the amount found due;

    C.  A jury trial on all issues so triable;

    D.  Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

    E.  Such other relief as the Court deems just and proper.

### COUNT XVII
### UNPAID SICK LEAVE UNDER THE FFCRA
### *against* CACERES INTERIOR PARTITIONS

165. Plaintiff, re-alleges and reaffirms paragraphs 1 through 17 and 36-46 as if fully set forth herein.

166. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

167. At all times material hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

168. Defendant denied Plaintiff protected paid sick leave under the Act.

169. Defendant failed and refused to pay Plaintiff for eighty (80) hours of paid sick time.

170. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum

wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

171. Plaintiff is entitled to recover federal minimum wages of unpaid sick time in the amount of $2,000.00.

172. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to an additional amount of $2,000.00 in liquidated damages.

173. Therefore, as a result of Defendant's willful violation of the Act, Plaintiff is entitled to a total amount of $4,000.00 for damages in unpaid sick leave.

174. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

    A.     Actual damages as a result of Defendant's discriminatory actions;

    B.     Punitive damages due to Defendant's willful behavior;

    C.     Compensatory damages;

    D.     Injunctive relief where feasible;

    E.     Attorney's fees;

    F.     Costs of this action; and

    G.     Any other relief this Court deems proper.

### COUNT XVIII
### UNPAID SICK LEAVE UNDER THE FFCRA
### *against* CACERES DRYWALL

175. Plaintiff, re-alleges and reaffirms paragraphs 1 through 17 and 36-46 as if fully set forth herein.

176. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA and

EPSLA.

177. At all times material hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

178. Defendant denied Plaintiff protected paid sick leave under the Act.

179. Defendant failed and refused to pay Plaintiff for eighty (80) hours of paid sick time.

180. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

181. Plaintiff is entitled to recover federal minimum wages of unpaid sick time in the amount of $2,000.00.

182. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to an additional amount of $2,000.00 in liquidated damages.

183. Therefore, as a result of Defendant's willful violation of the Act, Plaintiff is entitled to a total amount of $4,000.00 for damages in unpaid sick leave.

184. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

      A.     Actual damages as a result of Defendant's discriminatory actions;

      B.     Punitive damages due to Defendant's willful behavior;

      C.     Compensatory damages;

      D.     Injunctive relief where feasible;

      E.     Attorney's fees;

      F.     Costs of this action; and

G.      Any other relief this Court deems proper.

**COUNT XIX**
**VIOLATION OF 26 U.S.C. §7434**
*against* **CACERES INTERIOR PARTITIONS**

185. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

186. Under 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

187. The IRS W-2 form issued by Defendant to Plaintiff for 2017, 2018 and 2019 was and is a "fraudulent information return" for purposes of civil liability under 26 U.S.C. §7434.

188. Defendant issued to the IRS a fraudulent W2 form for 2017, 2018 and 2019 on behalf of Plaintiff in that Defendant, with full knowledge of Plaintiff's wages, willfully and falsely substantially understated to the IRS Plaintiff's income. Furthermore, upon information and belief, the IRS form filed by Defendant was different than the one issued to Plaintiff. Thus, exposing Plaintiff to tax liability.

189. As a direct result of the Defendant's filing of fraudulent information return on behalf of Plaintiff, Plaintiff has suffered actual damages, including added tax liability and added expenses in having to correct any future tax returns or to have an amended tax return prepared. In any event, Plaintiff is entitled to recover a minimum of $5,000.00 under 26 U.S.C. §7434(b).

190. Plaintiff is entitled to recover, in addition to his actual damages and costs of suit, his reasonable attorney's fees under 26 U.S.C. §7434(b)(3).

191. Plaintiff has complied with the requirements of 26 U.S.C. §7434(b)(3) including sending a copy of this Complaint to the IRS.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for his actual damages in the amount of no less than $5,000, costs, interest, attorneys' fees and such further relief as the Court deems just and proper.

**COUNT XX**
**VIOLATION OF 26 U.S.C. §7434**
*against* **CACERES DRYWALL**

192. Plaintiff, re-alleges and reaffirms paragraphs 1 through 35 as if fully set forth herein.

193. Under 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

194. The IRS W-2 form issued by Defendant to Plaintiff for 2017, 2018 and 2019 was and is a "fraudulent information return" for purposes of civil liability under 26 U.S.C. §7434.

195. Defendant issued to the IRS a fraudulent W2 form for 2017, 2018 and 2019 on behalf of Plaintiff in that Defendant, with full knowledge of Plaintiff's wages, willfully and falsely substantially understated to the IRS Plaintiff's income. Furthermore, upon information and belief, the IRS form filed by Defendant was different than the one issued to Plaintiff. Thus, exposing Plaintiff to tax liability.

196. As a direct result of the Defendant's filing of fraudulent information return on behalf of Plaintiff, Plaintiff has suffered actual damages, including added tax liability and added expenses in having to correct any future tax returns or to have an amended tax return prepared. In any event, Plaintiff is entitled to recover a minimum of $5,000.00 under 26 U.S.C. §7434(b).

197. Plaintiff is entitled to recover, in addition to his actual damages and costs of suit, his reasonable attorney's fees under 26 U.S.C. §7434(b)(3).

198. Plaintiff has complied with the requirements of 26 U.S.C. §7434(b)(3) including sending a copy of this Complaint to the IRS.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for his actual damages in the amount of no less than $5,000, costs, interest, attorneys' fees and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JAIME PALMA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 23,  2020

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com