# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

Jaime Palma (hereinafter "Palma" or "Plaintiff"), and Caceres Interior Partitions Inc., Caceres Drywall Corp., Jorge A. Caceres, Jorge E. Caceres., ( hereinafter "Defendants"), which term shall include all past and present parents, successors in interest and current or former owners, officers, directors, stockholders, members, partners, agents, representatives, attorneys, fiduciaries, administrators or Plaintiffs, in both their individual and official capacities) (Plaintiff and Defendants will be collectively referred to as "the Parties").

WHEREAS, PLAINTIFF is the Plaintiff in a lawsuit in the United States District Court, Southern District of Florida, entitled *Jaime Palma v. Caceres Interior Partitions Inc., et al., Case No. 20-CV-24373RNS*, (the "Lawsuit");

WHEREAS, the Parties desire to compromise and fully and finally resolve Plaintiff's claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA" or "EPSLA"), the Internal Revenue Code 26 U.S.C.§7434, and the Florida Minimum Wage Act, Art. 10, § 24 of the Florida Constitution, §448.01 *et seq*, Fla. Stat (hereinafter "FMWA") and 26 U.S.C. §7434.

WHEREAS, Palma has been represented by counsel at all times during the pendency of the Lawsuit and has determined, with full advice of counsel, to knowingly and voluntarily enter into this Agreement.

NOW THEREFORE, in consideration of the terms and conditions hereafter set forth and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1. Consideration.** In consideration for signing this Agreement, and for compliance with the promises made herein, Defendants agree to pay to Plaintiff the total gross sum of Thirty Thousand Dollars and Zero Cents ($30,000.00), in five installments as follows:

A. First Installment of Ten Thousand Dollars and Zero Cents ($10,000.00) divided as follows:

   i. One check payable to Palma in the amount of Six Thousand Dollars and Zero Cents ($6,000.00), representing Plaintiff's alleged unpaid wages and alleged liquidated damages for which a 1099 will be issued;

   ii. One check payable to PereGonza, the Attorneys PLLC (Federal Taxpayer Number 81-1499696) in the amount of Four Thousand Dollars and zero Cents ($4,000.00), representing attorneys' fees and costs, for which a 1099 form will be issued.

   iii. The checks described in this paragraph (1A) shall be delivered to PereGonza, the Attorneys within twenty (20) calendar days of (1) the Parties' execution of this Agreement, (2) the Court's entry of an order approving this settlement agreement





and full dismissal of this Action with prejudice;

B. Four (4) additional Installments of Five Thousand Dollars and Zero Cents ($5,000.00) every 30 days thereafter divided as follows:

i. One check payable to Palma in the amount of Three Thousand Two Hundred and Fifty Dollars and Zero Cents ($3,250.00), representing all damages for which a 1099 will be issued;

ii. One check payable to PereGonza, the Attorneys PLLC (Federal Taxpayer Number 81-1499696) in the amount of One Thousand Seven Hundred and Fifty Dollars and Zero Cents ($1,750.00), representing attorneys' fees and costs, for which a 1099 form will be issued.

iii. The checks described in this paragraph (1B) shall be delivered to PereGonza, the Attorneys. For purposes of clarity, the first of the additional Installments shall be delivered 30 days after the payment described in paragraph (1A).

**2. General Release, Claims Not Released, and Related Provisions.**

**a. General Release of All Claims by Plaintiff.** PLAINTIFF knowingly and voluntarily releases and forever discharges DEFENDANTS both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which PLAINTIFF has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of a claim regarding the following:

- Title VII of the Civil Rights Act of 1964;
- Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
- Chapter 11A of the Miami-Dade County Code;
- The Family and Medical Leave Act;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967;
- The Fair Credit Reporting Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- Florida Whistle Blower, Fla. Stat. § 448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim, Fla. Stat. § 440.205;
- Florida Wage Discrimination Law, Fla. Stat. § 448.07;

- Florida Equal Pay Law, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. § 448.075 et seq.;
- Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- The Florida Statute Against Retaliation for Testifying In Response to a Subpoena – Fla. Stat. § 92.57;
- The Internal Revenue Code, including but not limited to 26 U.S.C. §7434
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

**b. <u>Claims Not Released</u>.** PLAINTIFF is not waiving any rights he may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; (b) enforce this Agreement;

**Nothing in this Agreement prevents Plaintiff from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the National Labor Relations Board ("NLRB"), or from exercising rights under Section 7 of the National Labor Relations Act ("NLRA"). In addition, nothing in this Agreement prevents Plaintiff from participating in an investigation or proceeding conducted by the EEOC or any other any federal, state or local agency charged with the enforcement of any employment laws, although by signing this release, Plaintiff is waiving his right to individual relief based on claims asserted in such a charge or complaint, except where such a waiver of individual relief is prohibited. Nothing in this Agreement waives any rights Plaintiff may have to unemployment compensation benefits, benefits under Section 440 of the Florida Statutes, not to include 440.25 retaliation claims, including but not limited to any rights he may have to receiving benefits in connection with his pending workers compensation Case, No. 20-018700 ERA.**

**c. <u>Governmental Agencies</u>.** Nothing in this Agreement prohibits or prevents PLAINTIFF from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, PLAINTIFF agrees that if such an administrative claim is made against Releasees, she shall not be entitled to recover any individual monetary relief or other individual remedies.

**d. <u>Collective/Class Action Waiver</u>.** If any claim is not subject to release, to the extent permitted by law, PLAINTIFF waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which DEFENDANTS, or any other Releasees identified in this Agreement is a party.





f. **General Release of Claims by DEFENDANTS.** Defendants agree to completely and forever release Plaintiff from any and all claims, known or unknown, including but not limited to claims arising out of Plaintiff's employment with the Defendants and his separation therefrom, including any that may arise under contract, tort, or equity. The parties expressly intend this release to reach the maximum extent permitted by the law. However, nothing in this Agreement shall be construed to prevent the Defendants from enforcing their rights under this Agreement.

3. **Limited Disclosure and Return of Property.** Except as required by law, rule, regulation or subpoena, neither PLAINTIFF nor any representatives, including, but not limited to, his attorney, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of the Lawsuit; (ii) the facts surrounding the Lawsuit; (iii) the existence or substance of this Agreement (including the dollar amounts paid and any other direct or indirect description or implication of those amounts and the discussions leading up to it); (iv) his claims or potential claims/causes of action against Releasees and the reasons therefore;

If Plaintiff should be subpoenaed by a court or administrative agency of competent jurisdiction to testify about his employment with Defendants or this Agreement, or to produce this Agreement or other documents related to or about his employment with Defendants, then Plaintiff shall be allowed to honor the subpoena as required by law, but only after he has first given notice to: Caceres Drywall Corp., 14984 SW 93st Street Miami FL 33196 or designee, within a reasonable time after being served with the subpoena, in writing, including a copy of the subpoena, and in any event, before Plaintiff testifies or produces any documents in response to the subpoena.

4. **No admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

5. **Advice of Counsel.** PLAINTIFF acknowledges that he was advised by counsel at PereGonza, the Attorneys, PLLC regarding entering into this Agreement and that he has fully reviewed and understands all terms contained in this Agreement.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

7. **Non-Disparagement.** PLAINTIFF covenants and agrees that he shall not hereafter engage in conduct that involves the making or publishing of written or oral statements or remarks (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments), which are disparaging, deleterious or damaging to the integrity, reputation, or good will of any of the Releasees, including on social media. PLAINTIFF further agrees that he will not disparage or criticize the past and present decisions, policies, services, or practices of any of the Releasees. DEFENDANTS. agrees that its management-level employees with knowledge of this agreement will not disparage PLAINTIFF.





8. **Neutral Reference.** DEFENDANTS. agrees to give a neutral reference for PLAINTIFF providing only dates of employment and position(s) held provided that PLAINTIFF directs any such employment inquiry to Jorge Caceres at 14984 SW 93rd ST Miami Fl 33196.

9. **Re-Employment.** Palma represents that he will not seek future employment with Defendants, and he understands that Defendants will not employ him if he does seek such employment. Notwithstanding this clause, nothing in this agreement prevents Plaintiff to seek employment with other companies in the industry that are not parties to this litigation.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties except for any applicable restrictive covenants which shall remain in full force and effect. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. Counterparts. This Agreement may be executed in counterparts, and if so executed each such counterpart shall have the force and effect of an original. The person(s) signing this Agreement on behalf of Defendants is authorized to do so.

**PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AS TO his RELEASE OF ANY CLAIM UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED. PLAINTIFF IS ALSO ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT, AND ACKNOWLEDGES SHE HAS CONSULTED WITH his ATTORNEYS AT PEREGONZA THE ATTORNEYS, PLLC REGARDING his SIGNING OF THIS AGREEMENT.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE DELIVERED IN WRITING TO Caceres Drywall Corp. C/o** Jorge Caceres at 14984 SW 93rd ST Miami Fl 33196._**DELIVERED BY MAIL OR E-MAIL WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT**





**HAVE AGAINST RELEASEES.**

* * *

The Parties knowingly and voluntarily sign this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

**PLAINTIFF**

**JAIME PALMA**

Signed: Jaime P palma

Date: 04/07/2021

Signed: ____________________

Date: ____________________

**CACERES INTERIOR PARTITIONS INC**

Signed: [signature]

Title: Owner

Date: 4-9-21

**CACERES DRYWALL CORP.**

Signed: [signature]

Title: President / Owner

Date: 4/9/21

**JORGE A. CACERES**

Signed: [signature]

Date: 4/9/21

**JORGE E. CACERES**

Signed: [signature]

Date: 4-9-21